Exhibits
To

**Notice of Removal**

CASE NO. CV2012-055268; FELICIA SALLAWAY AND CASEY SALLAWAY, HUSBAND AND WIFE V. RONALD BURNES SR., A SINGLE MAN; AND RONALD BURNES JR. AND SHANNON BURNES, HUSBAND AND WIFE

**Exhibits**:

A. State Court Action Record

# EXHIBIT A

2381557.1
9/4/12

Michelle R. Matheson (019568)
Darrel S. Jackson (018415)
Matthew E. Walls (026523)
MATHESON & MATHESON, P.L.C.
15300 N. 90th Street, Suite 550
Scottsdale, Arizona 85260
(480) 889-8951
mmatheson@mathesonlegal.com
djackson@mathesonlegal.com
mwalls@mathesonlegal.com

Attorneys for Plaintiff

COPY
AUG 10 2012
COURT SEAL
MICHAEL K. JEANES, CLERK
W. POWLEY
DEPUTY CLERK

SUPERIOR COURT OF ARIZONA

MARICOPA COUNTY

| | |
|---|---|
| Felicia Sallaway and Casey Sallaway, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>Ronald Burnes Sr., a single man; and Ronald Burnes Jr. and Shannon Burnes, husband and wife,<br><br>Defendants. | No.: CV2012-055268<br><br>**COMPLAINT**<br><br>**(JURY TRIAL REQUESTED)** |

Plaintiffs allege:

1. This case arises out of Defendants' unlawful employment practices. Specifically, Defendants unlawfully failed and refused to pay Plaintiffs overtime as required by the Fair Labor Standards Act (**"FLSA"**), 29 U.S.C. § 201 *et seq*. Defendants also failed and refused to pay Plaintiffs for time that they were required to work "off-the-clock," in violation of Arizona's wage statute, A.R.S. § 23-353. Defendants also failed

and refused to pay Plaintiff Felicia Sallaway the Arizona minimum wage, as required by A.R.S. § 23-363.

2. This Court has jurisdiction over this matter pursuant to Ariz. Const. Art. 6, § 14.

3. This Court is the appropriate venue, pursuant to A.R.S. § 12-401, because Defendants' place of business in located in Maricopa County, the acts alleged herein occurred in Maricopa County, and Defendants Ronald Burnes Jr. and Shannon Burnes reside in Maricopa County.

4. Plaintiffs reside in Maricopa County, Arizona.

**The Parties:**

5. Defendants Ronald Burnes Sr. and Ronald Burnes Jr. are father and son.

6. Defendants jointly conduct a business under the name "Freeze Dry Guy."

7. Defendants Ron Burnes Jr. and Shannon Burnes are a married couple and reside in Maricopa County, Arizona. They have caused events to occur giving rise to this Complaint for which their marital community is fully liable. Ronald Burnes Jr. exercises significant economic control over Freeze Dry Guy, including control over decisions regarding how to pay Plaintiffs. At all relevant times, Mr. and Mrs. Burnes Jr. were covered "employers" as defined in 29 U.S.C. § 203(d).

8. Defendant Ronald Burnes Sr. resides in Nevada County, California. He exercises significant economic control over Freeze Dry Guy, including control over

decisions regarding how to pay Plaintiffs. At all relevant times, he was a covered "employer" as defined in 29 U.S.C. § 203(d).

9. Upon information and believe, Defendants have not incorporated their business.

**<u>The "Freeze Dry Guy" Operation</u>:**

10. Defendants sell freeze dried food and other emergency preparedness products to customers across the United States and internationally via their website (www.freezedryguy.com) and toll-free telephone number (866-404-3663). Defendants also send sales representatives, including Plaintiffs, to various trade shows and other events in the southwestern United States.

11. Defendants maintain an office for their business at 1490 S. Price Road, Suite 210-A, Chandler, Arizona, 85286. Customer telephone calls are received and processed at this location. Customer orders submitted via Defendants' website are received and processed at this location. Customer credit card transactions are completed at this location.

12. Defendants maintain a warehouse in Grass Valley, California.

**<u>Allegations Specific to Felicia Sallaway</u>:**

13. Mrs. Sallaway began working for Defendants on November 1, 2011. Mrs. Sallaway resigned from her employment with Defendants on August 1, 2012.

14. Defendants initially classified Mrs. Sallaway as an independent contractor.

15. In fact, Mrs. Sallaway was Defendants' employee at all times relevant to this lawsuit.

16. Defendants misclassified Mrs. Sallaway as an independent contractor to avoid paying overtime, employer payroll taxes, unemployment insurance premiums, and workers' compensation insurance premiums.

17. By misclassifying Mrs. Sallaway as an independent contractor, Defendants gained an unfair competitive advantage over law-abiding businesses that sell similar products.

18. On or about January 31, 2012, Defendants reclassified Mrs. Sallaway as an employee.

19. Mrs. Sallaway customarily and regularly performed non-exempt work, for purposes of the FLSA.

20. Throughout her working relationship with Defendants, Mrs. Sallaway had the following primary job duties:

a. Processing customer orders;
b. Processing credit card transactions;
c. Answering telephone calls from customers;
d. Assisting Ronald Burnes Sr. with scheduling meetings;
e. Relaying telephone messages to Ronald Burnes Sr. via email;
f. Sending thank-you emails and cards to customers; and
g. Picking up office supplies.

21. Defendants regularly required Mrs. Sallaway to process customer orders at her home after her regular work hours.

22. Mrs. Sallaway regularly worked in excess of 40 hours per work week.

23. Defendants did not pay Mrs. Sallaway overtime compensation for hours worked over 40 in a work week.

24. Defendants also required Mrs. Sallaway to travel to trade shows and other events in the southwestern United States, for the purpose of selling Defendants' merchandise to customers.

25. Defendants did not pay Mrs. Sallaway for all of her work hours related to trade shows and other events.

26. Mrs. Sallaway had no managerial duties or functions and received less than $100,000 in total compensation on an annual basis.

27. Mrs. Sallaway rarely, if ever, exercised discretion and independent judgment in connection with matters of significance.

28. Mrs. Sallaway did not have the authority to commit Defendants in matters that had significant financial impact.

29. Mrs. Sallaway had little, if any, authority to waive or deviate from established policies and procedures without prior approval.

30. Mrs. Sallaway was subject to daily supervision, and was not free from supervision in connection with matters of significance while employed by Defendants.

31. Mrs. Sallaway did not supervise other employees. For example, Mrs. Sallaway made no decisions or recommendations regarding disciplining other

employees. Mrs. Sallaway did not hire or fire other employees, and any recommendations from her regarding hiring and firing were not given particular weight.

32. Mrs. Sallaway made no decisions regarding work schedules for other employees.

33. Defendants paid Mrs. Sallaway on an hourly basis, and she did not receive a salary.

34. Mrs. Sallaway's starting wage rate was $5.00 per hour.

35. In addition to her hourly wage, Defendants gave Mrs. Sallaway a credit of $5.00 per hour that she could use to purchase merchandise from Defendants' business (**"Merchandise Credit"**).

36. The Merchandise Credit was not part of Mrs. Sallaway's wage for purposes of the Arizona Minimum Wage Act.

37. The Merchandise Credit was part of Mrs. Sallaway's wage for purposes of the FLSA.

38. In January 2012, Defendants raised Mrs. Sallaway's wage rate to $13.00 per hour, and ceased providing the Merchandise Credit.

39. Beginning in February 2012, Mrs. Sallaway began receiving a commission of 1% of the gross revenue of sales in Defendants' Monthly Club.

57. Mr. Sallaway did not hire or fire other employees, and any recommendations from him regarding hiring and firing were not given particular weight.

58. Mr. Sallaway also made no decisions regarding work schedules for other employees.

59. Defendants paid Mr. Sallaway on an hourly basis, and he did not receive a salary.

60. Mr. Sallaway's starting wage rate was $13.00 per hour.

61. In July 2011, Defendants increased Mr. Sallaway's wage rate to $15.00 per hour.

62. In January 2012, Defendants increased Mr. Sallaway's wage rate to $19.00 per hour.

**COUNT ONE**

**(Fair Labor Standards Act Overtime Claim)**

63. Plaintiffs incorporate by reference the allegations above.

64. Plaintiffs were covered "employees" and Defendants were Plaintiffs' "employer" as those terms are defined by the FLSA.

65. Defendants are a covered "Enterprise engaged in commerce or in the production of goods for commerce" as that term is defined by the FLSA, 29 U.S.C. §§ 201-219. Defendants' annual gross volume of sales or business done was not less than $500,000.00 in the four calendar quarters preceding the filing of this complaint.

66. Plaintiffs were covered individuals "engaged in commerce or in the production of goods for commerce" as that term is defined by the FLSA.

67. Plaintiffs were nonexempt employees under the FLSA.

68. Defendants were aware or should have been aware that federal law required them to pay overtime to Plaintiffs for all time worked in excess of 40 hours per week.

69. Defendants did not make a good-faith effort to ascertain and comply with their obligations under the FLSA.

70. Plaintiffs have suffered economic damages as a result of Defendants' unlawful compensation practice and are entitled to statutory remedies provided pursuant to the FLSA, including but not limited to unpaid overtime, liquidated damages, pre and post judgment interest, attorneys' fees and costs.

**COUNT TWO**

**(Arizona Wage Claim)**

71. Plaintiff incorporates by reference the allegations above.

72. Plaintiffs were "employees" and Defendants were Plaintiffs' "employer" as those terms are defined by the Arizona Wage Payment Act (A.R.S. § 23-350).

73. Defendants' failure to pay Plaintiffs for all regular and overtime wages earned constitutes a violation of A.R.S. § 23-352.

74. Defendants were not legally entitled to withhold any wages that Plaintiffs earned for the actual hours they worked.

75. As a result of Defendants' unlawful acts, Plaintiffs are entitled to the statutory remedies provided in A.R.S. § 23-355.

**COUNT THREE**

**(Arizona Minimum Wage Claim)**

76. Plaintiffs incorporate by reference the allegations above.

77. Mrs. Sallaway was an "employee" and Defendants were her "employer" as those terms are defined by the Arizona Minimum Wage Act.

78. Defendants were required to pay Plaintiff the state minimum wage of $7.35 per hour in 2011 and $7.65 per hour in 2012, pursuant to A.R.S. § 23-363, but failed to do so.

79. Defendants failed to post notices in their workplace notifying employees of their rights under the Arizona Minimum Wage Act, in violation of A.R.S. § 23-364(D).

80. Defendants failed to maintain payroll records showing the hours employees worked each day, in violation of A.R.S. § 23-364(D).

81. Pursuant to A.R.S. § 23-364(D), Mrs. Sallaway has raised a rebuttable presumption that Defendants did not pay the required minimum wage rate.

82. As a result of Defendants' unlawful acts, Mrs. Sallaway is entitled to the statutory remedies provided in A.R.S. § 23-364.

## REQUESTED RELIEF

### COUNT ONE

A. For an award of damages of unpaid overtime, plus an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

B. For an award of Plaintiffs' reasonable attorneys' fees and costs; and

C. For an award of pre and post judgment interest on all compensation due.

### COUNT TWO

A. For the Court to find that Defendants violated Arizona law by failing to pay all regular and overtime wages owed to Plaintiffs;

B. For an award of damages including the wages owed, interest thereon, and an additional amount equal to twice the unpaid wages, pursuant to A.R.S. § 23-355;

C. For an award of attorneys' fees and costs; and

D. For an award of pre and post judgment interest.

### COUNT THREE

A. For the Court to find that Defendants failed to pay the Arizona minimum wage to Plaintiff Felicia Sallaway, as required under A.R.S. § 23-363;

B. For the Court to find that Defendants failed to post notices and maintain time records, as required under A.R.S. § 23-364;

C. For an award of damages resulting from Defendants' failure to pay the Arizona minimum wage, including the balance of wages owed, interest thereon, and an additional amount equal to twice the underpaid wages, pursuant to A.R.S. § 23-364;

D. For an award of attorneys' fees and related expenses, pursuant to A.R.S. § 23-364(G);

E. For an award of prejudgment and post-judgment interest; and

F. For an award of Plaintiffs' costs of suit incurred herein.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial to the extent authorized by law.

Dated this 10th day of August, 2012

Matheson & Matheson, PLC

By: Darrel S. Jackson #018415

Michelle R. Matheson (AZ#019568)
Darrel S. Jackson (AZ#018415)
Matthew E. Walls (AZ#026523)
MATHESON & MATHESON, P.L.C.
15300 North 90th Street
Suite 550
Scottsdale, Arizona 85260
(480) 889-8951
mmatheson@mathesonlegal.com
djackson@mathesonlegal.com
mwalls@mathesonlegal.com

Attorneys for Plaintiff

SUPERIOR COURT OF ARIZONA

MARICOPA COUNTY

Felicia Sallaway and Casey Sallaway, husband and wife,

Plaintiffs,

v.

Ronald Burnes Sr., a single man; and Ronald Burnes Jr. and Shannon Burnes, husband and wife,

Defendants.

Case No.: CV2012-055268

**SUMMONS**

If you would like legal advice from a lawyer contact the Lawyer Referral Service at

**602-257-4434**
or
**www.lawyerfinders.org**

Sponsored by the
Maricopa County Bar Association

**THE STATE OF ARIZONA TO THE DEFENDANT:**

**RONALD BURNES, JR. AND SHANNON BURNES**
**3934 E AQUARIUS PLACE**
**CHANDLER, AZ 85249-5896**

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona – whether by direct service, by registered or certified mail, or by publication – you shall appear and

defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until the expiration of 40 days after date of such service upon the Director. Served by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. **RCP 4; A.R.S. §§ 20-222, 28-502, 28-503.**

**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney. **RCP 10(d); A.R.S. § 12-311; RCP 5.**

REQUESTS FOR REASONABLE ACCOMMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE DIVISION ASSIGNED TO THE CASE BY PARTIES AT LEAST THREE (3) JUDICIAL DAYS IN ADVANCE OF A SCHEDULED COURT PROCEEDING. **Maricopa County Local Rule 2.6, effective October 1, 1994.**

The name and address of Plaintiffs' attorney is:

**Darrel S. Jackson**
**Matheson & Matheson, P.L.C.**
**15300 North 90th Street, Suite 550**
**Scottsdale, Arizona 85260**
**(480) 889-8951**

COPY

GIVEN UNDER MY HAND this date: AUG 10 2012

Clerk of the Superior Court

COURT SEAL

MICHAEL K. JEANES, CLERK
W. POWLEY
DEPUTY CLERK

By ______________________
Deputy Clerk

MICHAEL K. JEANES, CLERK
RECEIVED CCC #6
DOCUMENT DEPOSITORY

12 AUG 21 PM 3:03

FILED
BY M. MEJIA, DEP.

E-Z MESSENGER
2502 N. Black Canyon Hwy.
Phoenix, AZ 85009-1818
(602) 258-8081 FAX: (602) 258-8864

CLIENT FILE NO.
SALLAWAY/BURNES

IN THE ARIZONA SUPERIOR COURT
STATE OF ARIZONA COUNTY OF MARICOPA

**FELICIA SALLAWAY AND CASEY SALLAWAY**
VS
**RONALD BURNES SR., A SINGLE MAN**

CASE NO. CV2012-055268

STATE OF ARIZONA )
MARICOPA COUNTY )

AFFIDAVIT OF SERVICE

THE AFFIANT, being sworn, states: That I am a private process server registered in MARICOPA COUNTY and an Officer of the Court. On 08/14/12 I received the SUMMONS; CERTIFICATE REGARDING COMPULSORY ARBITRATION; COMPLAINT (JURY TRIAL REQUESTED); (2) PLAINTIFFS' FIRST REQUEST FOR PRODUCTION; PLAINTIFFS' FIRST REQUEST FOR PRODUCTION; (2) PLAINTIFFS' FIRST SET OF NON-UNIFORM INTERROGATORIES

from MATHESON & MATHESON, P.L.C. and by DARREL S. JACKSON in each instance I personally served a copy of each document listed above upon:
RONALD BURNES, JR. AND SHANNON BURNES, HUSBAND AND WIFE on 08/15/12 at 7:17 am at 3934 E. AQUARIUS PLACE CHANDLER, AZ 85249 MARICOPA COUNTY in the manner shown below:

by leaving 2 true copy(ies) of the above documents with SHANNON BURNES, WIFE in person, a person of suitable age and discretion residing within their usual place of abode located at the above address.

Description: WHITE, Female, Approx. 34 yrs. of age, 5' 4" tall, Weighing 120lbs., BLUE Eyes, BLONDE Hair,

SHAWN MORRIS Affiant
Sworn to before me the Aug 17, 2012

Angelina M. Robles Notary

My Commission expires: 04/28/2013

| | | | |
|---|---|---|---|
| SERVICE OF PROCESS | | $ | 32.00 |
| MILES | 35 | $ | 84.00 |
| SERVICE CHARGE | | $ | 8.00 |
| AFFIDAVIT PREP/NOTARY | | $ | 10.00 |
| TOTAL | | $ | 134.00 |

AX022238508

2238508 15866 15
ORIGINAL

OFFICIAL SEAL
ANGELINA M. ROBLES
NOTARY PUBLIC-ARIZONA
MARICOPA COUNTY
My Comm. Exp. April 28, 2013

MICHAEL K. JEANES, CLERK
BY [signature] DEP
FILED
12 AUG 10 PM 4:02

Michelle R. Matheson (AZ#019568)
Darrel S. Jackson (AZ#018415)
Matthew E. Walls (AZ#026523)
MATHESON & MATHESON, P.L.C.
15300 North 90th Street
Suite 550
Scottsdale, Arizona 85260
(480) 889-8951
mmatheson@mathesonlegal.com
djackson@mathesonlegal.com
mwalls@mathesonlegal.com

*Attorneys for Plaintiff*

SUPERIOR COURT OF ARIZONA

MARICOPA COUNTY

Felicia Sallaway and Casey Sallaway, husband and wife,

Plaintiffs,

v.

Ronald Burnes Sr., a single man; and Ronald Burnes Jr. and Shannon Burnes, husband and wife,

Defendants.

Case No.: CV2012-055268

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**

**TO: DEFENDANTS**

Pursuant to Rules 26(a) and 34, Arizona Rules of Civil Procedure, you are requested and required to produce and permit the Plaintiffs to inspect and copy each of the documents described below.

///

///

## INSTRUCTIONS

A. REQUEST FOR PRODUCTION: Production of documents and things is requested pursuant to Rule 34 of the Arizona Rules of Civil Procedure. The time and place at which production shall be made is:

PLACE: **Matheson & Matheson, P.L.C.**
**15300 North 90th Street**
**Suite 550**
**Scottsdale, Arizona 85260**

DATE: **Sixty (60) days from the date of service of this Request.**

TIME: **Before 5:00 p.m.**

B. The requests for discovery are intended as continuing requests and you must reasonably supplement your responses hereafter as contemplated by the Arizona Rules of Civil Procedure, Rule 26(e)(3).

C. This request for discovery is directed to each Defendant, and each is requested to produce all documents and things that are in their individual possession (whether they be individuals or corporate entities), or in the possession of their attorneys, investigators, agents, employees, or other representatives, or which are reasonably obtainable by any of the above.

## DEFINITIONS

The following terms shall have the following meanings:

A. "Document" or "documents": These terms shall be interpreted in their broadest sense. They include but are not limited to, every writing of every type and description, and every other instrument or device by which, through which, or on which information has been recorded and/or preserved. Documents include but are not limited to, memoranda, notes, letters, drawings, canceled checks, receipts, graphs, charts, maps, photographs, contracts, hand-written notes, logs, calendars, diaries, financial reports and records, appointment books, minutes of meetings, photographic, video or audiotape recordings, computer cards, tapes and printouts, or other data compilations, and every other device or medium on which or through which information of any type is transmitted, recorded or preserved. Where production of documents is requested, a copy may be produced in lieu of an original, but in such a case, the response to the relevant request for production shall state that a copy is being produced. Also, if a copy is produced, Plaintiffs reserves the right to inspect and copy the original upon reasonable notice.

B. "Person" or "persons": Every individual, firm, corporation, association, organization, or other entity, including agents and employees.

## REQUESTS

Please provide the following:

1. Any employee handbook, ethics policy or other policy in place at Defendants' business locations in Arizona from June 2011 to present, that addresses the issues of (a) overtime compensation or Defendants' obligations under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, and/or (b) minimum wages or Defendants' obligations under the Arizona Minimum Wage Act.

2. A complete copy of each Plaintiffs' personnel file (including any supervisor's file) maintained during and after their employment with Defendants, including but not limited to, all time and attendance records, time cards, work schedules, timesheets, payroll records and/or any other documents reflecting time worked during Plaintiffs' employment with Defendants for the period of June 2011 through the end of their employment.

3. Any and all job descriptions or similar documents setting forth the job duties and/or job responsibilities, job postings, notice of job postings or advertisements for each of Plaintiffs' job positions.

4. All training materials utilized by Defendants to train Plaintiffs.

5. Any document retention policy or procedure in effect for Defendants from June 2011 to the present.

///

6. Any documents that support Defendants' contention that either Plaintiff meets one or more of the FLSA's overtime exemptions, assuming that Defendants so contend.

7. All documents relied upon by Defendants in responding to Plaintiffs' First Set of Non-Uniform Interrogatories.

8. All written communications (including text messages and electronic mail) between Defendants and either Plaintiff regarding compensation, work hours, or job duties.

Dated this 10th day of August, 2012

Matheson & Matheson, PLC

By: Darrel S. Jackson #018415

ORIGINAL and COPY of the foregoing hand delivered the same day as the Complaint and Summons, to:

Ronald Barnes, Sr.
Ronald Barnes, Jr.
Shannon Barnes
1490 S. Price Road
Suite 210-A
Chandler, AZ 85286