## SETTLEMENT AGREEMENT

## WAIVER AND RELEASE OF CLAIMS

This Settlement Agreement and Waiver and Release of Claims ("**Agreement**") is made and entered into by and between Ronald Burnes Sr., Ronald Burnes Jr., Shannon Burnes, and Freeze Dry Guy, Inc. ("Freeze Dry Guy") (collectively "**Defending Parties**") and Felicia Sallaway and Casey Sallaway ("**Plaintiffs**").

### Recitals

A. Defending Parties own and operate Freeze Dry Guy, which sells freeze-dried food and other emergency preparedness products. Felicia Sallaway worked for Freeze Dry Guy from November 2011 to August 1, 2012. Casey Sallaway worked for Freeze Dry Guy from June 2011 to August 1, 2012.

B. In August 2012, Plaintiffs filed a complaint in Arizona Superior Court (No. CV2012-055268) alleging violations of federal and state overtime and wage laws, and Defending Parties removed the case to the United States District Court, District of Arizona (No. CV12-01860-PHX-SRB) (the "**Litigation**").

C. In September 2012, Felicia Sallaway filed a Charge of Discrimination alleging sexual harassment against Freeze Dry Guy with the Arizona Attorney General's Office, Civil Rights Division, CRD. No: P0012012002959 (the "**Charge**").

D. Defending Parties and Plaintiffs now mutually desire to resolve all disputes between them.

### Agreement

NOW, THEREFORE, in consideration of the mutual covenants and promises herein, the parties hereby agree as follows:

1. **No Admissions:** By entering into this Agreement, Defending Parties do not admit liability for any of the disputed claims asserted in the Litigation or the Charge. Pursuant to Rule 408 of the Arizona and Federal Rules of Evidence, and all other applicable rules and laws, this Agreement shall not be admissible to establish any wrongdoing in any action except an action to enforce the terms of this Agreement.

2. **Court Approval:** Within five days after executing this Agreement, the parties shall jointly move the Court in the Litigation to approve this Agreement and to dismiss with prejudice the claims and counterclaims in the Litigation. The parties shall fully cooperate with each other in seeking Court approval and shall take all steps necessary to obtain Court approval of this Agreement, including modifying and resubmitting the Agreement for Court approval (if necessary).

3. **Effective Date:** The Effective Date of this Agreement shall be the date of Court approval.

4.      Withdrawal of the Charge:  Within five days after the Court approves this Agreement, Felicia Sallaway shall provide a letter to the Arizona Attorney General's Office, Civil Rights Division (with a copy to Defending Parties' attorney) withdrawing the Charge and advising that she and Freeze Dry Guy have reached a private resolution regarding the allegations raised in the Charge.  Felicia Sallaway agrees to execute any additional documents necessary to accomplish the withdrawal and/or dismissal of the Charge.  Plaintiffs further understand and agree that in the event the Division declines to dismiss the Charge, the release contained in this Agreement waives any right she may have to recover damages or other monetary relief from Defending Parties in any lawsuit the Division or any other state or federal administrative agency might elect to bring on her behalf.

5.      Settlement Payments:

   a.   Defending Parties agree to pay a total of $29,375 in full and complete settlement of Plaintiffs' claims, including any and all associated fees, costs, interest, or other penalties.  The total settlement amount shall be apportioned as follows:

   i.   $5,000 as emotional distress damages related to the Charge, made payable to Felicia Sallaway and Casey Sallaway.  Plaintiffs and Defending Parties understand and agree that Defending Parties will issue to Plaintiffs (or one of them) a 1099 form (or forms) reflecting this payment, that Plaintiffs will be solely responsible for the payment of any federal or state taxes, interest, or penalties attributable to this payment, and that Plaintiffs will indemnify and hold Defending Parties harmless in the event any taxing authority seeks to recover any such taxes, interest, or penalties from Defending Parties.

   ii.  $7,187.50 as unpaid overtime damages related to the Litigation, made payable to Felicia Sallaway and Casey Sallaway.  This portion of the settlement shall be treated as wages, and shall be subject to normal payroll taxes and withholdings and Plaintiffs hereby expressly authorize and direct Defending Parties to withhold such taxes and remit them to the proper authorities.  Defending Parties shall provide an itemized list of such taxes and withholdings with the payment.

   iii. $7,187.50 as liquidated damages related to the Litigation, made payable to Felicia Sallaway and Casey Sallaway.  This portion of the settlement is not considered wages and shall not be subject to payroll taxes or withholdings.  Plaintiffs and Defending Parties understand and agree that Defending Parties will issue to Plaintiffs (or one of them) a 1099 form (or forms) reflecting this payment, that Plaintiffs will be solely responsible for the payment of any federal or state taxes, interest, or penalties attributable to this payment, and that Plaintiffs will indemnify and hold Defending Parties harmless in the event any taxing authority seeks to recover any such taxes, interest, or penalties from Defending Parties.

        iv.    $10,000 for Plaintiffs' attorneys' fees related to the Litigation, made payable to Matheson & Matheson, PLC. Plaintiffs, Defending Parties, and Plaintiffs' attorneys understand and agree that a 1099 form reflecting this payment will be issued to Plaintiffs' attorneys, and that Plaintiffs' attorneys will be solely responsible for the payment of any taxes, interest, or penalties attributable to the payment. Plaintiffs' attorneys agree to complete any paperwork necessary for Defending Parties to process this payment.

    b.    Defending Parties shall provide Plaintiffs' counsel with 1/2 of each of the settlement payments listed immediately above on or before December 31, 2012. Defending Parties shall provide Plaintiffs' Counsel with the remainder of all settlement payments listed immediately above on or before January 31, 2013.

6.    <u>Waiver and Release</u>:

    a.    <u>Plaintiffs' Waiver and Release</u>: Except with respect to the obligations created by this Agreement, Plaintiffs (for themselves, successors and assigns) hereby release and forever discharge Defending Parties from any and all claims and actions of every kind and nature whatsoever, whether now known or unknown, suspected or unsuspected, arising at any time before the Effective Date of this Agreement. This general waiver and release of claims includes, but is not limited to, claims that Plaintiffs asserted or could have asserted in the Litigation or in the Charge.

    b.    <u>Defending Parties' Waiver and Release</u>: Except with respect to the obligations created by this Agreement, Defending Parties (for themselves, successors and assigns) hereby release and forever discharge Plaintiffs from any and all claims and actions of every kind and nature whatsoever, whether now known or unknown, suspected or unsuspected, arising at any time before the Effective Date of this Agreement. This general waiver and release of claims includes, but is not limited to, any and all counterclaims that Defending Parties could have asserted in the Litigation.

7.    <u>No Reemployment</u>: Neither Plaintiff shall apply for employment with Defending Parties, and Defending Parties shall not be obligated to accept any application for employment submitted by or on behalf of either Plaintiff. Plaintiffs and Defending Parties agree that the invocation of this provision of the Agreement as the basis for Defending Parties' rejection of any such application for employment shall constitute sufficient and legal cause for Defending Parties' refusal to hire or employ either of Plaintiffs, and Plaintiffs acknowledge that this provision is intended to protect Defending Parties from a charge or claim of retaliation, discrimination, or like charge or claim, and is not intended to be and shall not be construed as any form of retaliation, penalty, or unlawful conduct toward or against Plaintiffs.

8.    <u>Neutral Employment Reference</u>: Defending Parties shall provide only a neutral reference (*i.e.*, confirming job title and dates of employment) in response to any inquiries from prospective employers regarding either Plaintiff. To clarify, Defending Parties shall not (i) disclose whether

either Plaintiff is eligible for rehire, (ii) disclose the nature or circumstances of either Plaintiff's separation of employment, or (iii) offer any evaluation, assessment, or description of either Plaintiff's job performance.

9. No Disparagement: Plaintiffs shall refrain from any publication, oral or written, of any defamatory, disparaging, or otherwise derogatory information pertaining to any of the Defending Parties. Defending Parties shall refrain from any publication, oral or written, of any defamatory, disparaging, or otherwise derogatory information pertaining to either of the Plaintiffs.

10. Voluntary Settlement: The parties have entered into this Agreement voluntarily, after consultation with each party's legal counsel and each party agrees that it has not been coerced or subject to duress, undue influence, mistake, or misrepresentation from any party in entering into this Agreement. Each party agrees that its legal counsel has had the opportunity to, and has, reviewed this Agreement in its entirety and advised each party concerning the consequences thereof.

11. Confidentiality: The parties shall keep the terms of this Agreement confidential, except that the parties may disclose this Agreement to their attorneys, accountants, and spouses, and as necessary to enforce this Agreement, or as otherwise required by law.

12. Successors and Assigns. This Agreement is binding upon the parties, as well as their spouses, heirs, legal representatives, personal representatives, successors, assigns, agents, and other representatives.

13. Entire Agreement and Modification: This Agreement sets forth the entire agreement between the parties and fully supersedes any and all prior agreements and understandings, written or oral, between the parties pertaining to the subject matter hereof. This Agreement shall not be altered or varied except by writing duly signed by all of the parties.

14. Severability: Should a court of competent jurisdiction find that any portion of this Agreement is unenforceable, the remaining terms and provisions shall remain in force and effect.

15. Governing Law and Venue. This Agreement is entered into in Arizona, and shall be interpreted, enforced, and governed by Arizona law. The parties agree that any action to enforce this Agreement may be brought only in the state and federal courts in Maricopa County, Arizona.

16. Counterparts. The parties may execute this Agreement in separate counterparts.

Ronald Burnes Sr.

Date:

Felicia Sallaway _/s/ Felicia Sallaway_

Date: 12.19.2012

Ronald Burnes Jr.

Date:

Casey Sallaway _/s/_

Date: 12/19/2012

Approved and Agreed as to Paragraph 5.a.iv:

10. **Voluntary Settlement:** The parties have entered into this Agreement voluntarily, after consultation with each party's legal counsel and each party agrees that it has not been coerced or subject to duress, undue influence, mistake, or misrepresentation from any party in entering into this Agreement. Each party agrees that its legal counsel has had the opportunity to, and has, reviewed this Agreement in its entirety and advised each party concerning the consequences thereof.

11. **Confidentiality:** The parties shall keep the terms of this Agreement confidential, except that the parties may disclose this Agreement to their attorneys, accountants, and spouses, and as necessary to enforce this Agreement, or as otherwise required by law.

12. **Successors and Assigns.** This Agreement is binding upon the parties, as well as their spouses, heirs, legal representatives, personal representatives, successors, assigns, agents, and other representatives.

13. **Entire Agreement and Modification:** This Agreement sets forth the entire agreement between the parties and fully supersedes any and all prior agreements and understandings, written or oral, between the parties pertaining to the subject matter hereof. This Agreement shall not be altered or varied except by writing duly signed by all of the parties.

14. **Severability:** Should a court of competent jurisdiction find that any portion of this Agreement is unenforceable, the remaining terms and provisions shall remain in force and effect.

15. **Governing Law and Venue.** This Agreement is entered into in Arizona, and shall be interpreted, enforced, and governed by Arizona law. The parties agree that any action to enforce this Agreement may be brought only in the state and federal courts in Maricopa County, Arizona.

16. **Counterparts.** The parties may execute this Agreement in separate counterparts.

_____
Ronald Burnes Sr.

Date:_____

_____
Ronald Burnes Jr.

Date:_____

_____
Shannon Burnes

Date:_____

_____
Felicia Sallaway

Date:_____

_____
Casey Sallaway

Date:_____

Approved and Agreed as to Paragraph 5.a.iv:

By: _[signature]_____
Darrel S. Jackson, Esq. on behalf of
Matheson & Matheson, P.L.C.

Date: 12/19/12

10. <u>Voluntary Settlement</u>: The parties have entered into this Agreement voluntarily, after consultation with each party's legal counsel and each party agrees that it has not been coerced or subject to duress, undue influence, mistake, or misrepresentation from any party in entering into this Agreement. Each party agrees that its legal counsel has had the opportunity to, and has, reviewed this Agreement in its entirety and advised each party concerning the consequences thereof.

11. <u>Confidentiality</u>: The parties shall keep the terms of this Agreement confidential, except that the parties may disclose this Agreement to their attorneys, accountants, and spouses, and as necessary to enforce this Agreement, or as otherwise required by law.

12. <u>Successors and Assigns</u>. This Agreement is binding upon the parties, as well as their spouses, heirs, legal representatives, personal representatives, successors, assigns, agents, and other representatives.

13. <u>Entire Agreement and Modification</u>: This Agreement sets forth the entire agreement between the parties and fully supersedes any and all prior agreements and understandings, written or oral, between the parties pertaining to the subject matter hereof. This Agreement shall not be altered or varied except by writing duly signed by all of the parties.

14. <u>Severability</u>: Should a court of competent jurisdiction find that any portion of this Agreement is unenforceable, the remaining terms and provisions shall remain in force and effect.

15. <u>Governing Law and Venue</u>. This Agreement is entered into in Arizona, and shall be interpreted, enforced, and governed by Arizona law. The parties agree that any action to enforce this Agreement may be brought only in the state and federal courts in Maricopa County, Arizona.

16. <u>Counterparts</u>. The parties may execute this Agreement in separate counterparts.

_____  
Ronald Burnes Sr.

Date:_____

_[signature]_  
Ronald Burnes Jr.

Date: 12/26/12

_[signature]_  
Shannon Burnes

Date: 12/26/2012

_____  
Felicia Sallaway

Date:_____

_____  
Casey Sallaway

Date:_____

Approved and Agreed as to Paragraph 5.a.iv:

By:_____  
   Darrel S. Jackson, Esq. on behalf of  
   Matheson & Matheson, P.L.C.

Date:_____

10. <u>Voluntary Settlement</u>: The parties have entered into this Agreement voluntarily, after consultation with each party's legal counsel and each party agrees that it has not been coerced or subject to duress, undue influence, mistake, or misrepresentation from any party in entering into this Agreement. Each party agrees that its legal counsel has had the opportunity to, and has, reviewed this Agreement in its entirety and advised each party concerning the consequences thereof.

11. <u>Confidentiality</u>: The parties shall keep the terms of this Agreement confidential, except that the parties may disclose this Agreement to their attorneys, accountants, and spouses, and as necessary to enforce this Agreement, or as otherwise required by law.

12. <u>Successors and Assigns</u>. This Agreement is binding upon the parties, as well as their spouses, heirs, legal representatives, personal representatives, successors, assigns, agents, and other representatives.

13. <u>Entire Agreement and Modification</u>: This Agreement sets forth the entire agreement between the parties and fully supersedes any and all prior agreements and understandings, written or oral, between the parties pertaining to the subject matter hereof. This Agreement shall not be altered or varied except by writing duly signed by all of the parties.

14. <u>Severability</u>: Should a court of competent jurisdiction find that any portion of this Agreement is unenforceable, the remaining terms and provisions shall remain in force and effect.

15. <u>Governing Law and Venue</u>. This Agreement is entered into in Arizona, and shall be interpreted, enforced, and governed by Arizona law. The parties agree that any action to enforce this Agreement may be brought only in the state and federal courts in Maricopa County, Arizona.

16. <u>Counterparts</u>. The parties may execute this Agreement in separate counterparts.

*/s/ Ronald Burnes, SR*
Ronald Burnes Sr.

Date: 26 DEC 12

_____
Felicia Sallaway

Date:_____

_____
Ronald Burnes Jr.

Date:_____

_____
Casey Sallaway

Date:_____

_____
Shannon Burnes

Date:_____

Approved and Agreed as to Paragraph 5.a.iv:

By:_____
   Darrel S. Jackson, Esq. on behalf of
   Matheson & Matheson, P.L.C.

Date:_____

Freeze Dry Guy

By: *[signature]*
Its: Chief Executive Officer

Date: 26 DEC 12